**RICKS–MAGUIRE COMPANY, Appellant,**

v.

**J. T. OLIVER, Appellee.**

**RICKS–MAGUIRE COMPANY et al.,
Appellants,**

v.

**William L. SPENCER, Appellee.**

Nos. 7329–30.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1964.

Paul Thorp, Dallas, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Harold C. Rector, Amarillo, of counsel, for appellees.

NORTHCUTT, Justice.

The two suits here involved were brought by the appellees on December 7, 1962, seeking to recover upon certain promissory notes. Appellants appeared and filed pleas of privilege but did not answer on the merits. The appellees filed controverting pleas on January 14, 1963. The pleas of privilege were overruled on February 19, 1963, and appellants appealed therefrom. At the regular call of the docket of the trial court on March 4, 1963, the cases were set for trial on May 2, 1963. The appellants did not appear and answer and trial was had and judgments nihil dicit were entered on May 2, 1963. Appellants filed motion for new trial together with answers on the merits on May 17, 1963. The motions were overruled by the trial court. It is from those orders overruling appellants' motion for new trial that appellants perfected this appeal. The appeal in both cases were presented together. Appellants present this appeal upon the following two assignments of error:

"*Point No. One.* (Germane to Point No. One contained in Motion for New Trial) The Honorable Trial Court erred in proceeding to trial and judgment in the absence of Defendants and Defendants' counsel of record where no notice of the trial date had been received by Defendants or Defendants' counsel of record and where Defendants and Defendants' counsel of record relied upon the policy of the Court known to them of notifying out-of-

county attorneys and parties of trial settings.

"*Point No. Two.* (Germane to Point No. One contained in Motions for New Trial filed in the above cases). The Honorable Trial Court abused its discretion in refusing to sustain the Motions for New Trial filed by Defendants in the above cases, since such cases are considered under rules applicable to default judgments and defendants fall clearly within the limit of such rules."

By appellants' contention as to being notified of the setting of the cases here involved it is shown they relied upon the court reporter to notify them. The judge's secretary testified they notified out-of-town attorneys of their cases and as far as she knew she followed that procedure in these cases but could not recall addressing an envelope to the defendants in these cases. These cases were set at the regular call of the docket, and since the defendants were not present and had not answered, although they had appeared and filed their plea of privilege, which was overruled, the trial court entered judgments nihil dicit.

Rule 245 provides the court shall provide by rule for placing of actions upon the trial calendar without request of the parties. At the regular docket call of the court on March 4, 1963, these cases were set for trial on May 2, 1963. Neither the appellants nor their attorney ever answered in the case and did nothing about said cases until May 17, 1963, when they filed their motion for new trial and also filed an answer in the cases.

Rule 246 provides the clerk of the court shall notify out-of-town attorneys of such settings when the attorney so requests and accompanies such request with a return envelope properly addressed and stamped. Such request was never made in these cases.

When the appellants filed their pleas of privilege that was appearance in

the cases for all purposes. The judgment here entered is different from a default judgment and imports waiver of all objections and admits the cause of action substantially as stated in the petition. Negligence, mistake, or fraud of one's own attorney is not grounds for the granting of a new trial. We consider the case of O'Quinn v. Tate, Tex.Civ.App., 187 S.W. 2d 241 (writ refused) determinative of the matter here involved and do not think the trial court abused its discretion.

An appeal may be had from a judgment sustaining or overruling a plea of privilege but it suspends a trial pending determination of the appeal only in the event the judgment appealed from is one sustaining the plea. Allen v. Woodward, 111 Tex. 457, 239 S.W. 602. The plea of privilege herein was overruled February 19, 1963, and appellants appealed from that order but never answered or did anything further in the case as above stated until May 17, 1963, when they filed an answer and a motion for a new trial. We are of the opinion and so hold the trial court was justified in overruling appellants' motion for new trial. Judgment of the trial court is affirmed.