ELLIS, Judge.
At issue here is the right vel non of plaintiff, Billie Beth Rogers James Cahill, to the custody of her minor son, Malcolm Andrew James. Defendant, Malcolm J. James, now has actual custody of the child.
The proper disposition of this matter requires an understanding of the facts which are undisputed.
In October, 1959, a judgment of ■divorce was obtained by defendant against the plaintiff in Washington Parish. At that time the custody of Malcolm Andrew James was awarded to defendant and the custody of an infant daughter of the marriage was awarded to plaintiff. Admittedly, the Louisiana Court had jurisdiction to adjudicate the custody of the minors, all parties being residents of Washington Parish and before the Court.
In 1960 plaintiff sought a modification of the original judgment of divorce, praying that custody of Malcolm Andrew James be granted to her. The District Court refused to modify the original judgment, finding insufficient change in circumstances to warrant a modification of the custody order.
Sometime subsequent to her divorce, plaintiff remarried and moved to California.
In July 1961 defendant allowed Malcolm Andrew to visit his mother in California. To obtain defendant’s consent for the trip plaintiff signed an affidavit stating that she would “ * * * have Andy James back in Franklinton, Louisiana, on or before September la 1961, and that there will be no support due to be paid to Andy James and Lisa James during this six-week period.”
The child was not returned in accordance with the agreement but continued to reside in California with plaintiff and entered school there. In January of the following year, 1962, defendant journeyed to California to recover his son. Being unsuccessful in his efforts, defendant employed California counsel and instituted suit in Superior Court, Los Angeles County, to have the foreign (Louisiana) judgment of divorce and grant of custody to him recognized and enforced in California. Plaintiff answered the suit and by reconvention sought a modification of the foreign custody award on the ground of changed circumstances, alleging that “ * * * the present best interests and welfare of * * * (Malcolm Andrew), require the said Louisiana judgment be modified and amended and defendant be awarded custody of said minor and plaintiff be ordered to pay reasonable sums for his support.”
*302 It was not until March 1963 that the case was heard by the California tribunal. The defendant, Malcolm J. James, was not present at that hearing, though he had initiated the California proceeding. He was, however, represented by counsel of his own selection who did attend.
The California court rendered judgment modifying the Louisiana divorce judgment and awarded custody to plaintiff, Billie Beth Rogers James Cahill.
In August 1963 plaintiff returned to Washington Parish, Louisiana, with the two children to visit her mother. Defendant, with the aid of a juvenile probation officer, took the child from plaintiff and has refused to surrender it to plaintiff, claiming custody under the Louisiana judgment of October 1959.
Plaintiff, who has since returned to her home in California, instituted this proceeding in the Twenty-Second Judicial District Court, Washington Parish, Louisiana, for a writ of habeas corpus, claiming the right to custody by virtue of the California decree which modified the prior Louisiana judgment of divorce.
The trial judge rendered judgment for the defendant, Malcolm J. James, and against the plaintiff, Billie Beth Rogers James Cahill, refusing the writ on the ground that no showing had been made in the Louisiana Court that a change of conditions and circumstances had taken place since the divorce (October, 1959). The learned trial judge also indicated a disposition to sustain an exception of no cause of action on the technical ground that Article 2541 required that the California custody decree which modified a prior Louisiana judgment be made executory in this state before habeas corpus would lie. We believe the lower court to be in error in both instances and proceed to consider these errors in reverse order.
Defendant contends that Article 2541 of the LSA-Code of Civil Procedure requires that a foreign judgment establishing custody of a minor be made executory in this State by ordinary proceedings against the “judgment debtor” before a writ of habeas corpus will lie. Habeas corpus is an extraordinary remedy and the use thereof is not in any way limited by the language of Article 2541. Rather, by its very language, that article limits itself to foreign judgments involving property rights. A judgment granting a parent custody of a minor child by its nature creates a status or right peculiar to the parent named in the judgment, and the status or right need not be executed against any particular person at any time. It is, rather, exercised and enjoyed at all times against all the world and need only be enforced in a situation where an attempt is made to interfere with the status or right created. Therefore, it is unnecessary to recognize, under Article 2541, a foreign judgment of custody before habeas corpus will lie.
This does not mean, however, that a foreign judgment granting custody of a minor child needs no recognition in Louisiana courts before it may be enforced, as distinguished from exercised and enjoyed.
The petition for a writ of habeas corpus contains a prayer for general and equitable relief which has been rendered superfluous by Article 862 of the LSA-Code of Civil Procedure. Under such a grant of power there is nothing to prevent the lower court from recognizing the California judgment as a necessary adjunct to the instant proceeding.
Passing to the second issue, we find that the Louisiana trial judge failed to give full faith and credit to the California decree which modified the prior Louisiana decree. Article 4, Section 1, of the United States Constitution provided in part that: “Full faith and credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State.”
It is apparent that California did give full faith and credit to the Louisiana judgment of divorce and award of custody there *303 in contained. The California tribunal, after hearing the evidence, determined that the circumstances had changed and that the best interest of the minor child required that the Louisiana custody order he modified. That the California court had the right and jurisdiction to act as it did cannot be seriously questioned in the case at bar. State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88.
The Constitutional requirement of full faith and credit does not require a State court to attach greater importance to a foreign judgment than the State granting the judgment. People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133. In Louisiana, judgments awarding custody of minor children are subject to modification for changed circumstances until the minor reaches majority. Citation of authority on this point is unnecessary. The party seeking the modification need only prove changed circumstances of a nature that convince the court that the welfare of the minor would he better served by the alteration. This is precisely what the California court considered. On a reconventional demand filed by the wife (plaintiff) the California court found changed circumstances and determined that the welfare of the minor would be better served by granting custody to the mother rather than leaving it with the father. That decree is entitled to full faith and credit in the courts of this State, assuming the California court had jurisdiction, until it is in turn modified by any other tribunal having proper jurisdiction.
The lower Louisiana court failed to respect the determination of the California court that in 1963 circumstances had materially changed since 1959. Clearly under the rule announced in State ex rel. Girtman v. Ricketson, supra, the trial judge had authority to consider whether or not the circumstances had again changed since 1963 so as to favor granting custody to the defendant. His conclusion on this point would have been entitled to great weight. Gentry v. Gentry, La.App. 136 So.2d 418. However, the trial judge did not make that determination but denied the writ on the ground that no showing had been made in a Louisiana court that circumstances had changed since 1959.
The evidence introduced by- the defendant on the trial below would not, in our opinion, establish that it would be in the best interest of the minor child to modify the previous California judgment. A careful reading of the transcript of the California hearing held in March 1963 convinces us that the minor child was adequately cared for and received the proper attention and love. The evidence further shows that the child had received necessary medical treatment in California and that the quality of his school work had consistently improved since entering the California public school system.
The evidence introduced at the trial of this case below consisted in part of the defendant’s testimony. The defendant admitted that the minor’s school work in Louisiana was suffering because “his grandmother and his aunt won’t let him alone for one reason. They keep him stirred up continuously.” The defendant further evidenced a lack of knowledge as to the particular areas of scholastic endeavor in which the child was deficient, which we believe is not in keeping with a concerned parent.
Whether or not the California court has jurisdiction to adjudicate the custody of the minor is a matter to be determined by the application of California law, as jurisdiction is a matter to be determined by the law of the forum. There is no allegation that the court did not have proper jurisdiction. Both parties were before the court and the minor child was within the geographic jurisdiction of the court. It is difficult to imagine on what basis it would be argued that the California court did not have proper jurisdiction. Lack of jurisdiction was not argued and we, *304 therefore, assume the California court properly applied California law and concluded it had jurisdiction.
Therefore, the plaintiff, having a valid judgment from a California court with appropriate jurisdiction and the defendant having failed to allege or offer testimony as to any change in circumstances since March 1963 entitling him to a modification olj the California judgment which modified a prior Louisiana judgment, is entitled to have the writ of habeas corpus maintained and is entitled to the custody of the minor, Malcolm Andrew James.
Accordingly, for the reason stated, the judgment of the lower court is hereby reversed and set aside and the writ of habeas corpus is hereby granted. Malcolm Andrew James is hereby released and restored to the custody and control of Billie Beth Rogers James Cahill.
Reversed.