Don M. DAVIS, Appellant,

v.

Billie Sue SPRAGGINS, Appellee.

No. 7975.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 15, 1969.

Rehearing Denied Jan. 19, 1970.

In April, 1965 Billie Sue Spraggins, as plaintiff, was divorced from Don M. Davis, as defendant. Davis was awarded the care, custody and control of the three minor children. On January 23, 1967, Billie Sue Spraggins filed a petition for the readjudication of custody in the 72nd District Court of Lubbock County, Texas. Service of citation was had on Don M. Davis in Lubbock on January 24, 1967. At that time Billie Sue Spraggins and Don Davis with the three minor children were all residents of and domiciled in Lubbock County, Texas. Davis filed a general denial on February 9, 1967. In the latter part of May, 1967, Davis and the three minor children moved to Hawaii where Davis became a partner in a land development business. In the fall of 1968 the case was placed on the jury docket and on October 15, 1968, defendant Davis filed his plea to the jurisdiction alleging that the District Court was without jurisdiction for the reason that defendant and the three minor children were at that time, and had been for some 14 months, residents of and domiciled in Hawaii. On November 14, 1968, hearing was had on the plea to the jurisdiction and the trial court overruled defendant's plea. On February 18, 1969 the trial court made its findings of fact and conclusions of law in which the court found that there had been a material change of condition. Under date of March 12, 1969, the trial court entered its judgment awarding the custody of the minor children to the plaintiff Billie Sue Spraggins.

Defendant Davis has perfected an appeal to the court upon two points. First, defendant alleges that the District Court was without jurisdiction in the matter because the children were neither domiciled nor present in Texas at the time of the hearing. Secondly, Davis contends that, as there was no evidence or proof of any changed conditions, the judgment of the trial court was fundamentally wrong and void. At the time defendant was served with citation in this cause both he

McWhorter, Cobb & Johnson and Charles L. Cobb, Lubbock, for appellant.

Huff & Bowers and Broadus A. Spivey, Lubbock, for appellee.

JOY, Justice.

Suit for change of custody of minor children and from judgment for plaintiff, defendant brought this appeal.

and the children were residing and domiciled in Lubbock County, Texas. At the time defendant did not raise the question of jurisdiction of the court. In fact, on February 9, 1967, defendant filed his general denial. Defendant did not make a special appearance in accordance with Rule 120a Texas Rules of Civil Procedure to contest the jurisdiction of the court prior to the time he filed his answer. Under the rule a plea to the jurisdiction must be filed prior to any other plea, pleading or motion. "Every appearance, prior to judgment, not in compliance with this rule is a general appearance." Rule 120a, supra. Although the findings of fact and the judgment state that Davis "appeared only specially", defendant did not comply with the rule and therefore his appearance was a general appearance. Leaverton v. Leaverton, 417 S. W.2d 82 (Tex.C.A. refused n. r. e.). The facts in that case were that the father filed a petition in the Domestic Relations Court of Dallas County to modify the original custody order. The mother and child were domiciled in Alabama at the time of the filing and service of citation. The court held that by filing a motion for continuance the mother had entered a general appearance and thus waived any rights she may have had under Rule 120a to object to the jurisdiction of the court. In the case at hand it is undisputed that the trial court had jurisdiction over the defendant and the minor children at the time of filing and service of citation; and, since the defendant made a general appearance prior to filing his motion to the jurisdiction of the court, defendant waived any right he may have had under Rule 120a to make a special appearance. "It is the general rule that once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction." Haginas v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368, 371 (Sup.Ct.1962).

There exists two basic alternative prerequisites for jurisdiction in child custody cases: (1) domicile of the child in the state or (2) the child's presence in the state. Ex Parte Birmingham, 150 Tex. 595, 244 S.W.2d 977 (Sup.Ct.1952). With either of these prerequisites present at the time the petition is filed and service had, the District Court has jurisdiction and that jurisdiction cannot be defeated by subsequent events. " * * * (A)s between the parties litigant, once jurisdiction has attached in proceedings for the custody of a minor child the subsequent removal of the child from the territorial jurisdiction of the court does not defeat the court's jurisdiction to award custody * * *." Annot., 171 A.L.R. 1405, 1406; Annot., 9 A.L.R.2d 434, 446; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399, 1947.

Defendant cites Ex Parte Birmingham, supra in support of his position wherein the Supreme Court stated that " * * * if it develops after the writ has been served that the court does not otherwise have power to determine the controversy, the original power over the person of the relator may be said no longer to exist." That case is distinguishable and we think not controlling herein in that at the time of service the father and the children were both residents of and domiciled in Arkansas.

Appellant's second point of error complains of the final judgment changing the custody in that there was no evidence introduced or proof made in reference to "material change." At the time the case was called to trial on February 18, 1969, the defendant appeared to contest the jurisdiction of the court only. The defendant, relying upon his plea to the jurisdiction, refused to contest the case on its merits. The plaintiff did not produce any testimony or evidence and the trial court entered what appears to be a nihil dicit or default judgment. This judgment, although based on findings of fact and conclusions of law filed by the trial court, apparently was entered without the introduction of any evidence or testimony. Although there was some testimony by an

employee of the defendant relating to defendant's plea to the jurisdiction, there was no testimony which in any way related to the issue of a material change of circumstances and conditions surrounding the welfare of the minor children. As a general rule, a defendant that permits a judgment nihil dicit to be entered against him impliedly waives "all objections and admits the cause of action substantially as stated in the petition." Ricks-Maguire Co. v. Oliver, 376 S.W.2d 434, 436 (Tex.C.A., n. w. h.). In all cases of readjudication of child custody the burden is upon the plaintiff to allege and *prove* that a material change of conditions has occurred subsequent to the entry of the prior judgment. Apparently the trial court entered its order of change of custody based only upon the allegations in plaintiff's original petition. Pleadings are not evidence. Pinson v. Dreymala, 320 S.W.2d 152 (Tex.C.A. dismissed). "The burden of proof is upon the party seeking such change to allege, offer proof and secure an affirmative finding from the trier of facts that conditions have so changed since the prior adjudication as to require a change of custody." Pearson v. Pearson, 195 S.W.2d 188, 193 (Tex.C.A. refused, n. r. e.).

The marriage relationship and the custody of children are matters in which both the state and society have a vital interest. "Our courts do not normally concern themselves with the righteousness of claims to custody of children; their paramount concern is with the best interests of the children," Mumma v. Aguirre, 364 S.W.2d 220, 221 (Sup.Ct.1963). The welfare of a child the right to whose custody is in controversy, is "the concern of sovereignty, as the guardian of persons under disability, and in a very real sense the state is interested in the result, though not a nominal party." Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 168, 116 A. L.R. 1293 (Sup.Ct.1938). By statute, a divorce decree may not be rendered in the absence of "full and satisfactory evidence." Art. 4632, Vernon's Ann.Civ.St.; codified in Texas Family Code, Annot. Sec. 3.53 and Sec. 3.64 (1969). Certainly no lower standard should be permitted in the vital area of child custody.

The judgment of the trial court sustaining jurisdiction is affirmed; the order changing custody of the minor children is reversed and remanded for trial in accordance herewith.