304 So.2d 922 (1974)
Lancy E. HILL, Jr.
v.
Joan Wright HILL.
No. 10026.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
*923 Paul Fredrickson, Baton Rouge, for appellant.
Wm. H. Cooper, Jr., Baton Rouge, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
LANDRY, Judge.
This appeal by defendant, Joan Wright Hill (Appellant) is from a judgment awarding plaintiff, Lancy E. Hill, Jr. (Appellee) a final divorce and custody of three children of the marriage between these parties and declining to accord full faith and credit to a prior Nevada divorce obtained by Appellant. We reverse.
Appellant and Appellee were married in Alameda, California on or about April 15, 1953. Three children were born of the marriage, namely, Lancy E. Hill, III, 15 years old; Leslie Hill, 5 years of age, and Lisa Hill, age 3 years (ages in January, 1973). In July, 1972, Appellee filed suit in Livingston Parish, Louisiana, the matrimonial domicile of the parties at bar, for a judicial separation. Incidental to said action, Appellee prayed for and was granted provisional custody of the children of the marriage. On or about October 12, 1972, Appellant left the State of Louisiana and moved to Las Vegas, Nevada, taking with her the two girls, Leslie and Lisa. On November 22, 1972, Appellee obtained a judicial separation from Appellant in the Twenty-first Judicial District Court, Livingston Parish, Louisiana. The decree also awarded Appellee custody of the three minor children of the marriage.
On December 4, 1972, Appellant filed suit for divorce in the Eighth Judicial District Court, Clark County, Nevada. The petition recites that Appellant was a resident of Nevada for more than six weeks before suit was filed; that Appellant resided in Nevada at the time suit was instituted, and that during said entire period of residence, Appellant intended to make Nevada her home, residence and domicile for an indefinite period. The petition further recites that Appellant had custody of the children, Leslie and Lisa, and that Appellee had custody of the child, Lancy, III. Appellant prayed for custody of her daughters and requested that Appellee be granted custody of the son. On January 11, 1973, judgment was rendered in the Nevada *924 court granting Appellant a final divorce and custody of the two girls. Appellee was granted custody of the boy.
In July, 1973, Appellee learned that Appellant was in California. Appellee then went to California and instituted legal proceedings in that state in an attempt to enforce the Louisiana decree of November 22, 1972, granting Appellee a judicial separation and custody of all three children of the marriage.
On November 30, 1973, Appellee filed this present action in Livingston Parish, Louisiana, seeking an absolute divorce and permanent care and custody of the children of the marriage.
By means of exceptions of res judicata and no right and no cause of action, Appellant opposed Appellee's right to divorce, and custody of the children, Leslie and Lisa. Succinctly stated, Appellant contends the Nevada decree of divorce is a valid judgment entitled to full faith and credit pursuant to United States Constitution, Article I, Section 4, and Williams v. North Carolina (Williams II), 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.
Williams, above, has long established the rule that the full faith and credit clause contained in United States Constitution, Article 4, Section 1 requires recognition and enforcement, in all sister states of the union, of a judgment which is unassailable in the state of rendition.
A state judgment granting a divorce is valid and entitled to recognition and enforcement in all states of the union where the court rendering the judgment had jurisdiction to grant the divorce by virtue of its having jurisdiction over the domicile of the party in whose favor the divorce was granted. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L. Ed. 279, and Williams, above.
Despite a state's determination of jurisdiction over the domicile of a party granted a divorce, a sister state, in which enforcement and recognition of the decree is sought, may properly make an independent determination of the crucial issue of domicile, at least where the issue of domicile has not been specifically litigated in a purely adversary proceeding. Williams v. North Carolina (Second Williams).
A divorce decree is null and not entitled to full faith and credit when rendered in favor of a party who did not establish a good faith domicile in the state of rendition but who, on the contrary, established merely a residence in such state solely for the purpose of obtaining a divorce and with no present intent of making that state his bona fide domicile or residing therein permanently or indefinitely. Williams I and II, above.
A party assailing a divorce decree granted by the courts of another state bears the heavy burden of establishing that the decree was rendered by a court which lacked jurisdiction of the domicile of the party to whom the divorce was granted. In such cases, the party attacking the divorce judgment must conclusively show that the court which granted the divorce did not meet the requisite domiciliary jurisdiction indispensable to a full faith and credit judgment. Williams, I and II, above; Voohries v. Voohries, 184 La. 406, 166 So. 121.
The recitation of a bona fide Nevada domicile contained in Appellant's petition for divorce in that state constitutes prima facie proof of Appellant's domicile in said state at all pertinent times. Consequently, the burden rested upon Appellee to conclusively show that Appellant did not in fact establish a bona fide domicile in Nevada.
Appellant did not testify in these present proceedings. The only evidence of record concerning Appellant's alleged activities *925 in Nevada consists of testimony given by Appellee. It is Appellee's position that Appellant went to Nevada to circumvent the separation proceedings instituted by Appellee in Louisiana, and that Appellant had no intention of establishing a Nevada domicile or to reside permanently or indefinitely in that state. Appellant also testified that he attempted to contact Appellant in Nevada on Mother's Day (May 13, 1973) at which time Appellee learned that Appellant had moved to California. Following this disclosure, Appellee filed suit against Appellant in the State of California, in July, 1973, to enforce Appellee's Louisiana decree granting Appellee custody of the children of the marriage. Appellant further testified that upon institution of the California proceedings, Appellant moved from California to Nevada where Appellant has remained until the present time. The record is devoid of testimony concerning the precise time and reason why Appellant moved from Nevada to California, and equally barren regarding the exact time and reason why Appellant left California for Nevada, except, of course, Appellee's testimony as above noted. Equally important, there is a complete dearth of evidence regarding the circumstances of Appellant's residence in both Nevada and California. Under the circumstances, we find that Appellee's testimony falls woefully short of the degree of proof required in matters of this nature.
It is settled law that a prior judgment of separation, and all matters incidental thereto, are abated by a subsequent valid divorce. Cotton v. Wright, 193 La. 520, 190 So. 665; Thornton v. Floyd, 229 La. 237, 85 So.2d 499.
It follows that Appellant's valid Nevada divorce abated the separation proceedings instituted by Appellee in this state, and all matters incident thereto. Additionally, the valid Nevada judgment may be asserted by Appellant in bar of Appellee's subsequent Louisiana action for divorce predicated upon the abated Louisiana judgment of separation. Also, the Nevada decree is definitive of the matter of custody of the children, Leslie and Lisa, over whom the Nevada court had jurisdiction when custody was awarded Appellant herein.
However, since the matter of custody is never foreclosed and may be inquired into by a court of proper jurisdiction whenever the welfare of children is concerned, Appellee's right to institute custody proceedings with respect to any of the children of the marriage, under proper circumstances and in an appropriate forum, is expressly recognized and reserved.
It is ordered, adjudged and decreed that the judgment of the trial court granting plaintiff, Lancy E. Hill, Jr., an absolute divorce from defendant, Joan Wright Hill, and awarding plaintiff, Lancy E. Hill, Jr., permanent care, custody and control of the minors, Lancy E. Hill, III, Leslie Hill, and Lisa Hill, be and the same is hereby annulled, reversed and set aside.
It is further ordered, adjudged and decreed that there be judgment herein in favor of defendant, Joan Wright Hill, and against plaintiff, Lancy E. Hill, Jr., sustaining the exceptions of res judicata and no cause of action filed herein by said defendant, and dismissing this action by plaintiff, Lancy E. Hill, Jr., with prejudice, at plaintiff's cost.
Reversed and rendered.