365 So.2d 1139 (1978)
Sharon FOUNTAIN, Plaintiff-Appellant,
v.
Buford FOUNTAIN, Defendant-Appellee.
No. 6661.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
*1140 Lyman S. Gore, Vidalia, for plaintiff-appellant.
Jerry Daye, Ferriday, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
This case involves the effect of a Texas decree of child custody and the efforts of plaintiff, Sharon Fountain, to obtain the custody of her children.
The facts are not in dispute. Plaintiff and her husband, Mr. Buford Fountain, were domiciled in Texas with their three minor children: two sons, Timothy and John, and one daughter, Wendy. At some time prior to September 20, 1976, the couple became estranged. Mrs. Fountain left Texas and moved to Vidalia, Louisiana, in order to live with her mother. On September 20, 1976, Mr. Fountain filed for a divorce in Texas. The children resided with him at that time.
On June 1, 1977, the children left Texas and went to Louisiana in order to spend the summer months with their mother. On July 29, 1977, Mrs. Fountain filed suit in Concordia Parish for a separation from bed and board, dissolution of the community of acquets or gains, temporary and permanent custody of the children, and alimony for herself and the children. An attorney was appointed by the Court to represent the husband in these proceedings.
A rule to show cause for alimony and temporary custody was heard on August 10, 1977, and the Louisiana judge awarded Mrs. Fountain the temporary custody of the children during the pendency of the separation proceedings. No award for alimony was made.
On August 26, 1977, Mr. Fountain obtained a divorce from the Texas Court in the suit which he had filed on September 20, 1976. Mrs. Fountain had retained counsel to represent her in the Texas proceedings. The Texas divorce decree awarded Mr. Fountain custody of the children, giving Mrs. Fountain reasonable visitation rights. Mr. Fountain was unable to get his divorced wife to return the children to him. After consulting with an attorney in Louisiana, he filed an Answer and Reconventional Demand in the Louisiana separation suit, asking that the Court dismiss the wife's petition and give full faith and credit to the Texas judgment of divorce and award of custody.
*1141 On January 17, 1978, the matter came to trial in Louisiana and both Buford Fountain and Sharon Fountain testified. It is to be noted that at this time the children were still in Louisiana with their mother. The Louisiana judge rendered judgment in favor of Mr. Fountain, giving full faith and credit to the Texas decree of divorce and child custody. He suspended the enforcement of his judgment, insofar as the judgment of child custody was concerned, until June 1,1978, and gave Mr. Fountain visitation rights lasting until that time. Plaintiff, Mrs. Fountain, appeals.
There are two fundamental issues presented by plaintiff on appeal:
(1) Whether the Texas decree of custody should be entitled to full faith and credit; and
(2) Whether the Louisiana award of temporary custody was properly set aside.[1]

I.
Under the Full Faith and Credit Clause of the United States Constitution, Louisiana Courts recognize the validity of awards of custody made by foreign Courts. E. g., Tennyson v. Tennyson, 263 So.2d 88 (La.App. 1st Cir. 1972); Lege v. Lege, 228 So.2d 202 (La.App. 3rd Cir. 1969); Brewer v. Macaluso, 221 So.2d 343 (La.App. 4th Cir. 1969). However, full faith and credit is not due when it is shown that the foreign court did not have jurisdiction to make such an award. Williams v. North Carolina, 325 U.S. 226 (1945); Whatley v. Whatley, 312 So.2d 149 (La.App. 1st Cir. 1975). The law used to determine whether the foreign court had jurisdiction is the law of the forum. State ex rel. Cahill v. James, 172 So.2d 299 (La.App. 1st Cir. 1965).
In the instant case, therefore, it is necessary to determine if the Texas Court had jurisdiction under its law to enter an award of custody. We find that it did.
Our independent research of Texas law has revealed the case of Davis v. Spraggins, 449 S.W.2d 80 (Tex.Civ.App. 1969), which we feel is factually on point with the present controversy with regard to jurisdiction.
Spraggins involved a Texas couple who were divorced in Texas in April of 1965. The father was awarded custody of the three minor children of the marriage. In January of 1967, the mother filed a petition in Texas to readjudicate the matter of custody. At this time, the mother, father, and children were all domiciled in Texas. The father filed a general denial into the proceedings. In May of 1967, subsequent to the filing of the general denial, the father moved from Texas to Hawaii, taking the three minor children with him. In October of 1968, the husband filed a plea to the jurisdiction of the Texas Court, which was overruled. In March of 1969, after trial, the Texas Court entered judgment changing the custody of the children to the mother. The father appealed.
With regard to the jurisdictional issue, the father argued that the Texas Court was without jurisdiction because the children were neither domiciled nor present in Texas at the time of the hearing. The Texas appellate court pointed out that, at the time the father was served with citation, both he and the children were residing in Texas. After finding that the father did not object to jurisdiction at the time he filed his answer, and hence may have waived an objection to jurisdiction, the Court stated:
"There exists two basic alternative prerequisites for jurisdiction in child custody cases: (1) domicile of the child in the state or (2) the child's presence in the state. Ex Parte Birmingham, 150 Tex. 595, 244 S.W.2d 977 (Sup.Ct.1952). With either of these prerequisites present at the time the petition is filed and service had, the District Court has jurisdiction and that jurisdiction cannot be defeated by subsequent events. ` * * * (A)s *1142 between the parties litigant, once jurisdiction has attached in proceedings for the custody of a minor child the subsequent removal of the child from the territorial jurisdiction of the court does not defeat the court's jurisdiction to award custody * * *.' Annot., 171 A.L.R. 1405, 1406; Annot., 9 A.L.R.2d 434, 446; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399, 1947."
449 S.W.2d at page 82.
Turning to the instant case, we feel that the Texas Court had jurisdiction to make a determination of custody. It is undisputed that at the time the petition for divorce was filed in Texas, the children were present and were domiciled in Texas with their father. With regard to the location of the children when service was had, Mrs. Fountain testified that she was aware of the divorce proceedings and had retained counsel to represent her in Texas. We feel that we can assume she was given notice in the Texas proceedings while the children were in Texas with their father, because there is absolutely no indication in the record that the children were not in Texas at the time service was made. Additionally, the burden of proof in showing the lack of jurisdiction of the Court of another state is upon the party asserting it. State, ex rel. Cahill v. James, supra.
Having determined that the Texas Court had jurisdiction over the children sufficient to sustain a decree of custody, we conclude that the trial judge was correct insofar as he gave full faith and credit to the Texas decree of custody.

II.
With regard to the second issue, the mother contends that her award of temporary custody of the children pending the Louisiana separation proceedings should not have been abated by the subsequent Texas divorce. Although she admits that the Texas divorce terminated the Louisiana separation action, she contends that her judgment of temporary custody resulted from a separate action to which the father was properly notified by curator and to which no objections were ever made.
We find no merit to this contention. To accept this argument is to overlook the underlying nature of an award of temporary custody. Temporary custody is merely an initial determination made to ascertain which of the parents will keep the children until such time as a full hearing on custody can be made. It is quite elementary that when the separation suit can be maintained no longer, the award of temporary custody pending that suit can no longer stand. Hickman v. Hickman, 227 So.2d 14 (La.App. 3rd Cir. 1969) (father's award of temporary custody pending suit for separation-divorce fell when spouses reconciled during pendency of proceedings).
In the instant case, the separation suit could no longer be maintained because the parties were already divorced, and we conclude that this dissolved the award of temporary custody. In any event, the award of permanent custody made by the Texas Court was definitive and superceded any prior award of custody which a Louisiana Court may have made.

III.
We do not feel that our resolution of this case has been completed by disposing of the two issue raised by the mother on appeal. We perceive a third issue involved in these proceedings, Viz. whether the Louisiana Court should have made a redetermination of the custody issue notwithstanding the Texas decree.
At the time that this case came up, Louisiana's position was that a Court had jurisdiction to redetermine the custody of children already covered by a valid out of state custody divorce decree, if the children were domiciled or physically present in Louisiana.[2] Louisiana Code of Civil Procedure Article 10(5); State, ex rel. Girtman v. *1143 Ricketson, supra; Emery v. Emery, 223 So.2d 680 (La.App. 4th Cir. 1969). Thus, in the instant case, the trial court had the power to award the decree of custody, since both parties admit that the children were physically present in Louisiana at the time the suit was filed and at the time the suit was heard, and it is apparent that the Louisiana Court could have made a redetermination of custody had the matter been properly before it.
We feel that the trial judge was correct in not reopening the custody issue because the matter was not properly before him under the procedural posture of the case. The valid Texas decree of divorce pre-empted the mother's right to a legal separation in Louisiana, thus her separation suit had to be dismissed. Likewise, we are of the opinion that the demand for custody also had to be dismissed, because it was merely incidental to her separation suit.
At the time her separation suit was filed, the Texas judgment had not been rendered. The parties, therefore, were still married, and no custody decree for the children had been entered. By virtue of her demand for custody in the separation proceeding, the mother sought, in effect, primary custody of the children in anticipation of a legal separation. When the Texas decree of divorce was rendered, it definitively disposed of the issue of separation and of primary custody; thus, when full faith and credit was given to the Texas decree in Louisiana, the issues of legal separation and primary custody were already resolved. With regard to child custody, the only recourse the mother had in this situation, was to seek a change of custody by her pleadings. This she did not do.
In summary, therefore, we hold in the context of this case, that (1) the Texas decree of custody was entitled to full faith and credit in Louisiana because it was rendered by a Texas Court with jurisdiction over the children; (2) the award of temporary custody pursuant to the suit for separation in Louisiana expired when the right to a legal separation no longer existed; and 3) in order to obtain custody it was necessary for the mother to seek a change of custody by her pleadings.
For the above reasons, the judgment of the District Court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Plaintiff does not dispute the validity of the Texas decree insofar as the granting of the divorce is concerned nor the entitlement of the divorce decree to full faith and credit in Louisiana.
[2] We note that Act 513 of the 1978 Regular Legislative Session enacted the Uniform Child Custody Jurisdiction Act, La.R.S. 13:1700 et seq. This Act became effective on October 1, 1978.