STOKER, Judge.
This is an appeal from a judgment on a rule for contempt and to make alimony and child support payments executory. Judgment was rendered in favor of the plaintiff in rule, Linda James Andries, and against James Hardy Andries, defendant in rule. James Hardy Andries appeals.
The judgment on the rule which is on appeal in this case is one phase of the litigation which began when the appellant, James Hardy Andries, filed a petition for legal separation on June 30, 1976, in the Ninth Judicial District Court in Rapides Parish.
On September 23, 1976, appellee filed a rule to show cause praying for custody of the minor children and for alimony and child support. By judgment signed October 29, 1976, appellee was granted custody of the minor children and appellant was condemned to pay $150.00 per month alimony and $150.00 per month child support. During 1977 and 1978 appelle.e filed numerous rules for contempt and to make alimony and child support payments executory.
Subsequent to filing the petition for legal separation appellant moved to Houston, Texas. This move occurred in early January 1977. Appellant initiated divorce proceedings in Harris County, Texas, on July 7, 1977. A divorce judgment was rendered on October 28, 1977, by the 247th Judicial District Court of Harris County, Texas. The judgment made no award of alimony to the appellee and states that the court found that the child, Carmen Andries, was not under the jurisdiction of the court.
The appeal before us stems from a rule for contempt and to make alimony and child support payments executory filed on April 2, 1980, by the appellee. Appellant filed exceptions of no right or cause of action and res judicata. The asserted exceptions are based on the Texas divorce judgment. A judgment in the case before us was signed on July 14, 1980, overruling the exceptions and granting judgment in favor of appellee against the appellant for the sum of $5,580 in accumulated alimony and child support.
On appeal the appellant contends that the trial court erred in failing to sustain the exception of no cause of action. Appellant maintains that the law is clear that a foreign judgment of divorce which is entitled to full faith and credit abates an award of support previously granted in a Louisiana judgment.
Appellant specifies the issues before this court as:
1. Whether the Texas judgment is entitled to full faith and credit, and
2. Whether the Texas judgment abates the prior Louisiana judgment of support.
Louisiana is required to give full faith and credit to judgments of other states. Lewis v. Lewis, 395 So.2d 426 (La. App. 3rd Cir. 1981) No. 8020 on the docket of this court. Although the rule applies to foreign judgments of divorce, Louisiana is not obligated to give recognition and enforcement to such judgments if the court rendering them lacked jurisdiction. In this regard our state court may inquire into the jurisdictional basis of foreign courts. Upon *125 a finding of no jurisdiction and absent an appearance or waiver by the complaining party, the examining state is not bound by a foreign judgment. Hampson v. Hampson, 271 So.2d 898 (La.App. 2nd Cir. 1972).
Jurisdiction in divorce matters is founded on domicile. Louisiana may make an independent inquiry into the issue of domicile in the foreign state. Hill v. Hill, 304 So.2d 922, (La.App. 1st Cir. 1974) citing Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577. The party attacking a foreign divorce decree bears the burden of proof on the issue and must conclusively show that the foreign court granting the decree was without jurisdiction based on domicile. Berry v. Berry, 307 So.2d 821 (La.App. 3rd Cir. 1975); Hill v. Hill, supra.
Under the above principles we may inquire into the factual question of whether appellant, James Hardy Andries, acquired a domicile in Texas so as to give jurisdiction to the Texas court which granted him a divorce. Domicile in this instance rests upon a showing of physical presence in the jurisdiction of the foreign court in Texas and an intent to remain there indefinitely. Hill v. Hill, supra. In our opinion the trial court was correct in overruling the exceptions filed by James Hardy Andries as the facts do not bear out an establishment of a good faith domicile within the jurisdiction of the Texas court.
The appellant husband in this ease argues that Louisiana must give the Texas judgment the same effect Texas would give it. Therefore, he urges, we must apply Texas law to determine the validity of the Texas judgment and cites Fountain v. Fountain, 365 So.2d 1139 (La.App. 3rd Cir. 1978). Fountain considered the issue of whether a Texas court had jurisdiction over children sufficient to sustain a decree of custody and whether such a decree was entitled to full faith and credit. In Fountain we held that the law governing whether the foreign court had jurisdiction is the law of the forum rendering the judgment. Under this rule we proceeded to determine the Texas law applicable to the situation.
Counsel for appellant in the case before us contends that the Texas judgment in this case is not subject to jurisdictional attack on the ground of non-compliance with Article 3.21 of the Texas Family Code because that provision of Texas law is not jurisdictional; it merely prescribes the qualifications a plaintiff must possess before plaintiff is entitled to procure a divorce. Under the concepts enunciated by the Supreme Court in Williams v. North Carolina, supra, Louisiana is entitled to use the traditional test for domicile (physical presence with intent to remain indefinitely), and compliance with Article 3.21 is not determinative of jurisdiction based on domicile. In addition, the cases cited by appellant regarding the jurisdictional nature of Article 3.21 merely hold that the residence requirement of Article 3.21 is not jurisdictional. They do not stand for the proposition that the six month domiciliary provision is non-jurisdictional.
In any event, appellant contends that although he did comply with Article 3.21, if it is found that he did not, he nevertheless, was domiciled in Texas because there is no evidence that he did not intend not to remain indefinitely. Appellant gives the following reasons for his move to Texas:
1. He worked offshore out of Galveston.
2. He wished to get away from the ap-pellee and his marital difficulties.
3. He wanted to obtain a divorce in Texas.
The appellee in this case argues that the appellant did not comply with Article 3.21 because there is no prima facie showing that the appellant lived in Texas for six months prior to filing for divorce. The testimony is to the effect that appellant moved to Texas in early January 1977 and filed for divorce on July 7, 1977. The ap-pellee contends the appellant was not domiciled in Texas so as to confer jurisdiction upon the Texas court to render a divorce judgment which is entitled to full faith and credit.
Appellee elicited the following facts at trial:
*126 1. Appellant moved to Texas shortly after January 1, 1977, and lived with his brother and his brother’s wife.
2. Appellant did not pay rent or utilities; he did share food costs.
3. Appellant never registered to vote in Texas and retained his Louisiana voter registration.
4. Appellant’s pay checks were mailed to Otis, Louisiana.
5. Louisiana income tax was still withheld from appellant’s pay check as he never informed his employer that he moved.
6. Appellant left Texas immediately after judgment was rendered, and upon his return to Louisiana married again.[1]
After a consideration of the evidence bearing on the factors stressed by appellant and appellee we have some doubt as to whether appellant actually established physical presence in Texas except on a transient basis. In any event it is clear that appellant never had any intent to remain in Texas permanently. Appellee has borne her burden of proof. We find that the trial court was not clearly wrong in its rulings and judgment. Therefore, the Texas judgment of divorce in appellant’s favor, which is not entitled to full faith and credit, did not result in an abatement of the Louisiana judgment ordering appellant to make support payments.
For the reasons assigned the judgment of the trial court is affirmed.
AFFIRMED.

. Appellant testified that his intention to remain in Texas was changed by the fact that he remarried, and since his wife was from Rapides Parish, Louisiana, they returned there so she could stay with relatives on occasions when he worked offshore.