384 So.2d 514 (1980)
ALLENBERG COTTON COMPANY, INC., Plaintiff-Appellant,
v.
Ed STACY, Defendant-Appellee.
No. 14143.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
Hamilton, Carroll & Miller by Joseph H. LeBeau, III, Oak Grove, for plaintiff-appellant.
Glen W. Strong, Oak Grove, for defendant-appellee.
Before HALL, MARVIN and McCLENDON, JJ.
*515 McCLENDON, Judge.
Plaintiff, a Tennessee corporation, appeals from a trial court judgment rejecting its demand to make executory in Louisiana a judgment obtained in Tennessee against a Louisiana domiciliary. We reverse.
In January, 1976, plaintiff filed suit in the Chancery Court of Shelby County, Tennessee, against the defendant, a resident of Oak Grove, Louisiana, for breach of contract. Defendant was mailed a certified copy of the summons and complaint, apparently in compliance with the Tennessee "long-arm" statute, a copy of which is not in the record.
Defendant, in proper person, filed an exception to the jurisdiction of the Tennessee court in which he stated he had never transacted any business in the State of Tennessee, never entered into any contract, or any negotiable instruments in that state, and all negotiations concerning the contract sued upon were done in the State of Louisiana. The exception further cited a federal district court case allegedly holding that identical contracts fall solely under the jurisdiction of the State of Louisiana. Finally, defendant stated he was financially unable to hire an attorney in Tennessee, or to defend this suit in that state, and therefore prayed that his exception to the jurisdiction of the court be sustained.
Almost a year later the exception to jurisdiction was overruled. Defendant was ordered to file his answer within thirty days. Defendant failed to file his answer and default judgment was rendered against him. No appeal was taken from this judgment.
Plaintiff then filed the present suit in which it sought to have the Tennessee judgment recognized and made executory in Louisiana under Louisiana Code of Civil Procedure Article 2541. Defendant answered contending that the Tennessee judgment was not entitled to full faith and credit in Louisiana, because the Tennessee court lacked jurisdiction over him and he did not submit to the jurisdiction of that court.
At trial it was noted that, although the Tennessee court had found it had jurisdiction over the defendant, that issue was not actively litigated in that defendant did not make an appearance in Tennessee and actively defend his position. The court therefore allowed defendant to collaterally attack the Tennessee judgment.
The parties then stipulated that the only contacts plaintiff had with defendant were those contained in the contract, defendant had no contact with the State of Tennessee other than that contract, and that contract was signed in Louisiana and forwarded to Tennessee for acceptance.
The trial court dismissed plaintiff's suit based on a finding that defendant did not have the "minimum contact" with Tennessee as would give that state in personam jurisdiction under the requirement that minimum contacts be such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.
The issue before this court is whether the trial judge erred in failing to give full faith and credit to the Tennessee judgment and in permitting a collateral attack upon the jurisdiction of that Tennessee court in this case. We find that he did.
We find no quotation from or citation of Tennessee law in the trial court's written reasons for judgment and we assume he was referred to no law of that state by counsel.
There is in the record a complete copy of the Tennessee proceedings from which it would appear that Defendant Stacy was served in that suit under the provisions of a Long-Arm Statute similar to our own in Louisiana. (Tr. pp. 22-27)
Thereafter, as mentioned above herein, he filed in proper person an exception to the jurisdiction of the Tennessee court, but did nothing further.
After that exception had been filed for nearly a year (February 13, 1976 to January 25, 1977), the Tennessee court entered an order overruling it but granting leave of court "for the issues raised therein to be raised at the trial of the cause", thus granting appellee a second opportunity to present *516 opposition to that court's jurisdiction. That same order directed Stacy to file his answer within 30 days. Instead, he did nothing even after being mailed a copy of a "Motion for Default Judgment" (Tr. p. 31), wherein the certificate of service shows that both he and Glen W. Strong, his "former attorney" of Oak Grove, Louisiana were notified that the motion would be brought on for hearing at 10:00 a. m., Friday, March 25, 1977.
Further in connection with the Tennessee hearing on the default judgment, there is in the record another affidavit by counsel for plaintiff Allenberg Cotton Company, Inc., by which it is shown that plaintiff's attorney mailed defendant Ed Stacy, by certified mail on April 1, 1977, a copy of a Motion for Default Judgment which contained notice of an even later hearing date of April 15, 1977. (Tr. p. 34)
The default judgment, which forms the basis for the present suit, was finally signed by the Tennessee Chancery Court on April 18, 1977 and contains the statement that defendant Stacy had notice by registered mail of plaintiff's application for default judgment. (Tr. p. 35)
In its order overruling defendant Stacy's exception the Tennessee court made the following statement:
"Defendant's Exception to Jurisdiction of This Court was heard on January 21, 1977, and upon the hearing and the record in this cause, ...." (Tr. pg. 30)
Thus we find from the record that there was a hearing and based upon that hearing and the record the Tennessee court found that it did have jurisdiction over the nonresident Ed Stacy, but still gave him leave to pursue this issue further on the trial of the case.
From the leading U.S. Supreme Court cases on the subject, including Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963), has evolved the general rule that a judgment of the court of one state is entitled to full faith and credit in the court of another stateeven as to questions of jurisdictionwhen the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.
In Durfee the court reviewed the development of this general rule and quoted from numerous of its decisions. Some of these cases involved title to property (as did Durfee), while others involved recognition of a foreign divorce decree, but the court found that the principles of res judicata apply to questions of jurisdiction over both subject matter and the parties. Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.
Of particular significance is a quotation by the court in Durfee from Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104:
"We see no reason why a court, in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation. ... Courts to determine the rights of parties are an integral part of our system of government. It is just as important that there should be a place to end as that there should be a place to begin litigation. After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first." (Emphasis ours)
Our own Louisiana Supreme Court in Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966), has held it is not required that the question of jurisdiction be actually litigated in the rendering state, but only that the opportunity be afforded to litigate the jurisdictional question to cut off collateral attack on that ground in Louisiana.
We reason from this that appellee herein, having raised the issue of the Tennessee court's jurisdiction by his exception, was afforded every opportunity by that *517 court to litigate that issue. The Tennessee court could not force him to present evidence or his views on the law, but on the other hand neither could it hold this matter in a state of suspension forever merely because of the pending exception. That suit was filed by appellant on January 28, 1976, and, as pointed out above, judgment by default was not signed until April 18, 1977.
For these reasons the judgment appealed from herein is reversed at appellee's cost.
It is therefore ordered that that certain judgment in the matter styled "Allenberg Cotton Company, Inc. v. Ed Stacy", dated April 18, 1977, Docket No. 82004-2, in the Chancery Court of the County of Shelby, State of Tennessee, rendered in favor of plaintiff and against defendant, in the principal sum of Five Thousand, Six Hundred Thirty-seven and 50/100 ($5,637.50) Dollars, plus court costs, be entitled to full faith and credit and made executory in West Carroll Parish, Louisiana.