527 So.2d 442 (1988)
Debra K. CHOY, d/b/a Vaz Honolulu
v.
Debra GATLIN, d/b/a The Waistbasket.
No. 88-CA-37.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
*443 Phelps, Dunbar, Marks, Claverie & Sims, David J. Krebs, Maura Z. Pelleteri, New Orleans, for plaintiff-appellant.
DeMartini, LeBlanc, D'Aquila & Volk, Jeffrey A. Jones, Kenner, for defendant-appellee.
Before CHEHARDY, C.J. and GAUDIN and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
This is an appeal of a order staying execution of a foreign judgment that the district court previously had recognized and made enforceable pursuant to the Enforcement of Foreign Judgments Act, LSA-R.S. 13:4241-13:4247.
The foreign judgment was obtained on July 8, 1986, in the First Circuit District Court of Hawaii, Honolulu Division, by Debra Choy, d/b/a Vaz Honolulu, against Debra Gatlin, d/b/a The Waistbasket, a Louisiana resident. On August 12, 1986, Choy filed a petition in the 24th Judicial District Court for the Parish of Jefferson to make the judgment executory. On March 19, 1986, judgment was rendered in Choy's favor ordering that the Hawaii judgment be executed.
On April 7, 1987, Gatlin filed a motion for stay of execution, asserting the Hawaii court was without personal jurisdiction to render a judgment against her. Following a contradictory hearing, the Louisiana court rendered judgment on July 22, 1987, staying execution of the Hawaii judgment. Choy appealed.
Gatlin challenged the judgment on the basis that she does not fall into the categories of nonresident defendants subject to suit under the Hawaii Long Arm Statute. She asserted the service of process on her by certified mail was therefore insufficient to satisfy due process requirements, so that the Hawaii court never obtained personal jurisdiction over her.
Under the United States Constitution, Article 4, Section 1, a Louisiana court is powerless to deny a foreign judgment full faith and credit within this state unless the court in the foreign forum lacked jurisdiction over the parties or the subject matter involved in the controversy. Holden v. Holden, 374 So.2d 749 (La.App. 3 Cir.1979).
The law used to determine whether the foreign court had jurisdiction is the law of the forum state rendering the original judgment. Id.; Fountain v. Fountain, *444 365 So.2d 1139 (La.App. 3 Cir.1978); State ex rel. Cahill v. James, 172 So.2d 299 (La.App. 1 Cir.1965). The method to be employed for service of process, being a procedural matter, is determined by the law of the forum state. Rice v. Kliebert, 330 So.2d 374 (La.App. 4 Cir.1976).
Because there is a general presumption that a court of a sister state had jurisdiction to render the judgment in the case before it, the person attacking the judgment must show by clear and positive proof that the rendering court was without jurisdiction. American Standard Leasing v. Plant Special., 427 So.2d 555 (La.App. 3 Cir.1983).
Hawaii Rev.Stat. 634-35 provides in pertinent part:
"Acts submitting to jurisdiction. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person * * * to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts:
(1) The transaction of any business within this State; * * *."
Hawaii Rev.Stat. § 634-36 authorizes service of process by certified or registered mail on a person subject to jurisdiction under § 634-35.
To determine whether Gatlin performed any act submitting herself to the jurisdiction of Hawaii, we must decide whether her actions constituted the transaction of business within that state. The evidence adduced at the hearing (through Gatlin's testimony and Choy's affidavit) established the following facts:
Debra Choy, d/b/a Vaz Honolulu, is a manufacturer and wholesale seller of swimwear and exercise clothing in Honolulu, Hawaii. Choy has never advertised outside the state of Hawaii. Debra Gatlin, d/b/a The Waistbasket, operates an exercise studio in Metairie, Louisiana, from which retail sales of exercise and leisure clothing are made. Some time in late 1984, Gatlin made an unsolicited telephone call to Choy to inquire about ordering Choy's merchandise. Gatlin had obtained Choy's telephone number from another retailer with whom Choy had previously done business.
Choy offered to send samples to Gatlin. The items were manufactured by Choy in Hawaii and shipped to Gatlin in Louisiana. Gatlin placed the merchandise for sale in one of her Waistbasket outlets in Metairie, Louisiana. Gatlin and Choy apparently were in contact with each other thereafter as Choy attempted to collect the debt, for Choy stated in her affidavit that defendant made repeated promises to pay, repeated workout agreements, and repeated representations that "the check was in the mail."
Gatlin never paid Choy for the merchandise. As a result, Choy filed suit in the Honolulu court and obtained judgment against Gatlin in the amount of $3,235.05. After the time for appeal had passed, she instituted these proceedings to make the judgment executory in Louisiana.
In giving oral reasons for granting the stay order here, the Louisiana judge stated, "The Court finds that there are not sufficient minimum contacts with this defendant with the foreign state of Hawaii to meet the requirements of law. Therefore, your stay order is granted."
For the proper exercise of jurisdiction in personam over a nonresident, there must be sufficient minimum contacts between the nonresident defendant and the forum state to satisfy due process and traditional notions of fair play and substantial justice. Alba v. Pyramid Island Ltd., 474 So.2d 486 (La.App. 4 Cir.1985), citing International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).
Whether a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. It is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities *445 within the forum. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
Choy asserts this contact was sufficient to comprise the transaction of business in Hawaii. She cites Cowan v. First Ins. Co. of Hawaii, Ltd., 61 Hawaii 644, 608 P.2d 394 (1980), a suit by a Hawaii resident against a California yacht broker who had contracted to sell the Hawaiian's boat. The boat was shipped to California to be displayed and was damaged while in the broker's possession, whereupon the owner sued the broker for damages in a Hawaii court. The broker objected to jurisdiction and the case eventually went to the Supreme Court of Hawaii, which upheld Hawaii's jurisdiction over the yacht broker.
The following factors were held to be determining: the California broker advertised internationally in boating magazines; as a result of the advertising the Hawaiian boat owner contacted the broker to sell his boat; the broker sent a listing agreement to Hawaii for the boat owner to sign; the contract, drawn up by the broker, contemplated frequent contact with the boat owner to discuss progress toward finding a purchaser for the boat; and the contract also contemplated some extent of physical presence in Hawaii by brokerage employees to show the boat, had the owner not sent it to the brokerage's marina in California.
In the case before us, Gatlin's contact with Hawaii obviously was much less than that of the broker in the Cowan case. Gatlin's primary action was to initiate the telephone call to order merchandise from Choy. Choy offered, at her own instance, to send sample garments to Gatlin. Gatlin's business does not advertise nationally, has locations only in Louisiana, and Gatlin forwarded no documents to Choy in Hawaii. Under the facts here, we cannot say the trial judge was clearly wrong in ruling that Gatlin's action was insufficient minimum contact for the forum state to invoke personal jurisdiction over her.
Accordingly, the judgment of the district court staying execution of the Hawaii judgment is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.