594 So.2d 948 (1992)
E & L LUMBER COMPANY, INC., Plaintiff-Appellant,
v.
ASHY ENTERPRISES, INC., Defendant-Appellee.
No. 90-798.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Jones, Tete, Nolen, Hanchey, Swift & Spears, Robert J. Tete, Lake Charles, for plaintiff-appellant.
McGee & Caswell, Aaron F. McGee, Eunice, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal presents the question of whether a Texas court had personal jurisdiction over Ashy Enterprises, Inc., a Louisiana corporation, in rendering a money judgment in favor of E & L Lumber Company, Inc. (E & L Lumber), a Texas Corporation.
E & L Lumber appeals contending the trial court erred in dismissing its suit for lack of personal jurisdiction. Finding the trial court erred in failing to find jurisdiction, we reverse and render.

FACTS
On March 1, 1989, plaintiff-appellant, E & L Lumber, filed an ex parte petition pursuant to the Enforcement of Foreign Judgments Act (LSA-R.S. 13:4241 et seq.) to make executory a court judgment against defendant Ashy Enterprises, Inc. (Ashy) from the state of Texas, County of Angelina, in the amount of $324,504.17 plus $10,020.50 in attorney fees plus 10% legal interest until paid. Ashy filed an answer denying the validity of the Texas judgment and, pursuant to LSA-R.S. 13:4244, filed a rule to show cause why E & L Lumber should not be prohibited from executing the foreign judgment.
*949 At the hearing on the rule nisi, Howard J. Vidrine, a retired employee of Ashy, testified that he worked for Ashy for over thirty years as a purchasing agent. Vidrine stated that when lumber was needed, he would telephone the dispatcher at E & L Lumber and order the necessary amount. Ashy ordered from E & L over a period of several years. With each order, the lumber was delivered by E & L Lumber to Ashy. Ashy never engaged in any business in Texas and its only contact with Texas was the purchasing of the lumber over the telephone.
Without assigning any reasons, the trial court granted judgment in favor of Ashy finding no personal jurisdiction and dismissed E & L Lumber's ex parte petition. This devolutive appeal followed.

TEXAS JUDGMENT
It is hornbook law that a Louisiana court cannot deny a foreign judgment full faith and credit within Louisiana unless the foreign forum lacked jurisdiction over the litigants or over the subject matter involved in the controversy. Holden v. Holden, 374 So.2d 749 (La.App. 3rd Cir.1979) and cases cited therein.
The foreign judgment is presumed valid and the party attacking the judgment must demonstrate by clear and positive proof that the foreign court lacked the requisite jurisdictional grounds. Holden, supra; Ramos Group, Inc. v. Villard, 425 So.2d 865 (La.App. 3rd Cir.1982), writ denied, 430 So.2d 84 (La.1983).
The proper law in determining whether the foreign court had the requisite jurisdictional grounds over the party cast in judgment is the law of the foreign court. Fountain v. Fountain, 365 So.2d 1139 (La. App. 3rd Cir.1978); Holden, supra. However, where a litigant fails to introduce or demonstrate what the law of the foreign court is regarding the jurisdictional issue, this court presumes that the relevant foreign law is the same as the existing law of Louisiana. Holden, supra.
In the case sub judice, the record contains a certified copy of the Texas judgment but does not contain any Texas law on the jurisdictional issue. Accordingly, in deciding the jurisdictional issue, this court will apply Louisiana law to the case sub judice.

LONG-ARM JURISDICTION
Louisiana's long-arm statute, LSA-R.S. 13:3201, provides in pertinent part:
"A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
* * * * * *
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States."
Because the 1987 amendment extended the limits of the long-arm statute to equal the limits of constitutional due process, the sole inquiry is whether the assertion of jurisdiction over a non-resident via the long-arm statute meets the constitutional requirements of due process. Superior Supply v. Assoc. Pipe & Supply, 515 So.2d 790 (La.1987).
In the most recent decision focusing on the due process requirements afforded to a non-resident litigant, our Louisiana Supreme Court stated:
"Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King Corp., supra; Helicopteros, supra. *950 By requiring that a defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the the [sic] unilateral activity of another party or a third person. Asahi Metal Industry Co. [, Ltd. v. Superior Court of California], supra [480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)]; Burger King Corp. [v. Rudzewicz], 471 U.S. at [462] 475, 105 S.Ct. [2174] at 2183 [85 L.Ed.2d 528 (1985)]; Keeton v. Hustler Magazine, supra; World-Wide Volkswagen Corp. v. Woodson, supra [444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)]. Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well. Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 2124-25, 109 L.Ed.2d 631 (1990) (Brennan, J., concurring); Asahi Metal Industry Co., 480 U.S. at 109, 107 S.Ct. at 1030; Burger King Corp., 471 U.S. at 476, 105 S.Ct. at 2184; World-Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. at 567." (Emphasis added.)
de Reyes v. Marine Mgt. and Consulting, 586 So.2d 103, 106 (La.1991).
A review of the jurisprudence reveals several cases involving the enforcement of a foreign judgment. In McS, II, Inc. v. Franklin Printing Co., Inc., 288 So.2d 95 (La.App. 4th Cir.1974), our brethren concluded that a New York court had proper personal jurisdiction over the defendant Louisiana corporation where the Louisiana corporation initiated the business relationship with the plaintiff New York corporation, sent an employee to the forum state to work out details of the photography project and the completion of the project occurred over several months.
In Holden, supra, this court concluded that a Texas judgment was proper and enforceable in Louisiana where Texas had continuing jurisdiction over an action for past due child support against defendant pursuant to an earlier Texas divorce and order of monthly child support payments.
In Ramos Group, Inc., supra, a Missouri corporation sought to have a Missouri judgment made executory in Louisiana against Dr. Joseph Villard, a Louisiana domiciliary. Concluding that Villard had serious credibility problems, this court concluded that the question of personal jurisdiction was not an issue since Villard offered no evidence other than his own denials of doing business with the Missouri corporation to refute his minimum contacts with the forum state.
Finally, in Choy v. Gatlin, 527 So.2d 442 (La.App. 5th Cir.1988), our brethren opined that Hawaii, the forum state, did not have personal jurisdiction over Gatlin, a Louisiana domiciliary, where Gatlin's contacts with Hawaii consisted of only one telephone call to the plaintiff, a Hawaii resident, wherein one set of sample merchandise was sent to Gatlin.
In the case sub judice, we find the trial court was manifestly erroneous in concluding that Ashy proved by clear and positive evidence that the Texas court lacked the requisite in personam jurisdiction. The evidence adduced at the rule nisi shows that Ashy initiated the initial business transaction with E & L Lumber and continued the business relationship by reordering goods via the telephone numerous times over several years. Time after time, an employee of Ashy telephoned E & L Lumber with a list of needed items, received a quoted price and authorized the shipment of goods. These repeated business dealings with the forum state cannot be characterized as random, fortuitous or attenuated contacts or as being haled into the court of the forum state because of unilateral activity of another *951 person or a third party. Unlike the Choy case, we view Ashy's business dealings with the forum state as a deliberate and repeated effort of purposeful availment such that it should reasonably anticipate being haled into the Texas court. As the Supreme Court observed, "the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed [since] `modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).
Additionally, we do not conclude that a Texas court's assertion of personal jurisdiction over Ashy offends the traditional notions of fair play and substantial justice. Texas has a legitimate interest in adjudicating disputes involving the nonpayment for goods ordered from a Texas-based supplier. Nor do we find that Ashy was unduly prejudiced by having to defend a suit in our adjacent state given its geographical proximity.
For the foregoing reasons, the judgment of the trial court is reversed and the judgment recast, as follows:
It is ORDERED, ADJUDGED and DECREED that the judgment of the district court of Angelina County, state of Texas, number 21,774-87-1 in favor of plaintiff, E & L Lumber, Co., Inc., and against defendant, Ashy Enterprises, Inc. is hereby recognized and made executory in the state of Louisiana. Costs of this appeal are assessed to defendant, Ashy Enterprises, Inc.
REVERSED AND RENDERED.