CANNELLA, Judge.
Defendant, Robert Pecunia, appeals from a judgment in a child support garnishment proceeding brought by the State of Louisiana on behalf of plaintiff, Mary Pecunia. We reverse.
The parties were divorced in Louisiana in 1980 and child support was awarded to plaintiff, the custodial parent, in the amount of $162 per month. Plaintiff moved to Texas in October, 1980 and in 1985 she requested and received in Texas an increase in child support to $300 per month. Next, plaintiff moved to Georgia and in 1990 applied to Georgia for non-AFDC [1] assistance in obtaining an increase in child support. The state of Georgia thereafter issued an “Interstate Child Support Enforcement Transmittal” to the State of Louisiana, requesting Louisiana to pursue an increase in support for plaintiff.[2]
In May 1991, Louisiana filed a petition for Immediate Income Assignment under La. R.S. 46:236.3A(4) and (5). A hearing was held May 14, 1992 and on June 3, 1992 the trial judge increased the child support award to $350 per month. An Amended Judgment dated July 15,1992, changing the two installments of the June 3, 1992 judgement from $125 to $175, followed.
During this same time, plaintiff filed an action in Georgia for an increase. In March of 1992, defendant was served with the Georgia petition while in the state visiting the minor child. The Georgia court heard the ease on June 12,1992, without an appearance or opposition from defendant. Judgment was rendered on June 17, 1992, finding that Georgia had personal and subject matter jurisdiction and increasing the child support to $673 per month (20% of defendant’s salary of $3,365.90 per month).
As a result of the Georgia judgment, garnishment proceedings were instituted in Louisiana against defendant on September 17, 1992 in accordance with La.R.S. 46:236.4. Defendant filed a Rule to Show Cause why the garnishment should not be limited to the $350 awarded to plaintiff by the July 15,1992 Louisiana judgment. A temporary restraining order, attached to the Rule to Show Cause, was granted on September 29, 1992, prohibiting plaintiff from garnishing defendant’s wages and setting the rule and a preliminary injunction for October 16, 1992. After hearing, the trial court rendered judgment on November 23, 1992, determining that defendant’s obligation of support was satisfied by the Georgia judgment, rescinding the Louisiana judgment retroactive to the date of the Georgia judgment and denying the relief sought by defendant in his Rule To Show Cause. It is from this judgment of November 23, 1992 that defendant now appeals.
First, defendant asserts that the trial judge erred because Louisiana maintained continuing jurisdiction over the child support matter since the obligor resides in Louisiana and thus the Georgia court lacked jurisdiction to modify the January 3, 1979 Louisiana judgment. Second, he contends that the assignment of rights to Louisiana by plaintiff precluded her from initiating enforcement proceedings in Georgia. Third, he asserts that personal service on him in Georgia was insufficient to divest the Louisiana court of its jurisdiction to modify the support order. Fourth, he contends that the trial court erred when she set aside the Louisiana judgments of support rendered on January 3, 1979 and June 15, 1992.
This action for garnishment arises under La.R.S. 46:236.4, a statute designed to provide a “quick and effective procedure for the withholding of income derived in this jurisdiction to enforce a support order of another jurisdiction.” R.S. 46:236.4A. Section A further defines the terms used and states it is to be construed liberally to effect the purposes of the statute.[3] Section B adds that this *915 remedy is in addition to and not a substitution for other remedies to enforce an order of support. Section C describes the method of initiation and mandates cooperation with other jurisdictions. Section D sets forth the procedures the state agency must follow when receiving a support order from another jurisdiction and for which an income assignment is sought. R.S. 46:286.4 D(4) provides that such support orders “shall be enforceable by an income assignment order against income derived in this state.” After notice to the obligor, the obligor may request a hearing to contest the assignment. R.S. 46:236.4 E(2).
When an obligor contests the income assignment and a hearing is held, the documents supporting the income assignment constitute prima facie proof that the support order is valid, that the amount stated is owed and that the obligee would be entitled to an income assignment order under the law of the jurisdiction which issued the order. R.S. 46:236.4 F. The only defenses that the obli-gee may raise to rebut the prima facie case under R.S. 46:236.4 F(2) are:
(a) The income assignment is not proper because of a mistake of fact that is not res judicata, concerning such matter as an error in the amount of current support owed or arrearage that had accrued, mistaken identity of the obligor, or error in the amount of income to be withheld; or
(b) The court or agency which issued the support order filed under this Section lacked personal jurisdiction over the obli-gor; or
(c) The support order filed under this Section was obtained by fraud; or
(d) The prescriptive period under Paragraph (K)(3) precludes enforcement of all or part of the arrearages. The burden shall be on the obligor to establish these defenses.
Normally, the Louisiana courts need not give full faith and credit to another state’s judgment, if that court lacked subject matter jurisdiction. U.S.C.A. Const.Art. 4, Sec. 1. This statute, however, vests subject matter jurisdiction in the domiciles of either the obligee or obligor. Furthermore, the law to be applied to determine jurisdiction is the law of the foreign state. See: Choy v. Gatlin; 527 So.2d 442 (La.App. 5th Cir.1988); Brickman v. Screven County Hospital Authority, 599 So.2d 427 (La.App. 4th Cir.1992). That issue has already been determined by the state of Georgia in the uncontested proceedings which resulted in the support order sought to be enforced by income assignment here. Furthermore, the clear language of the statute precludes our consideration of the defenses raised by defendant, except for the question of personal jurisdiction. We therefore decline to address the issues raised by defendant which are not properly before us.
In regard to personal jurisdiction, defendant has admitted that Georgia obtained personal jurisdiction over him pursuant to Georgia law. He admits that he was served personally while in Georgia on a temporary visit, which is a permitted method of obtaining personal service under Georgia law— O.C.G.A. § 50-2-21. He has presented no argument which would preclude the Georgia court from obtaining personal jurisdiction under these facts. Consequently, we find that the trial judge did not err in determining that the Georgia court had personal jurisdiction over defendant in rendering the Georgia judgment dated June 17, 1992.
Defendant also contends that the trial judge erred in setting aside the Louisiana judgments of January 3, 1979 (the initial support award) and July 15, 1992 (the Louisiana judgment rendered shortly after the Georgia judgment).
The trial judge found that the support obligation of defendant was being “satisfied” pursuant to the Georgia order of support. She then set aside the January 3, 1979 and July 15, 1992 Louisiana judgments retroactive to June 17, 1992. The trial judge also credited defendant $1,750, representing sums which are duplicative and beyond the provisions of the child support guidelines.
The facts show that in 1990, plaintiff requested the state of Georgia to obtain an increase in child support through its state agencies. In 1991, the state of Louisiana requested an income assignment under La. R.S. 46:236.3 A(4) & (5). Sometime prior to *916 March 1992, plaintiff initiated a separate proceeding in the Georgia court for an increase. Proceedings in both Louisiana and Georgia were continuing at the same time.
The hearing on the Louisiana action was held in May 14, 1992, two years after the state of Georgia request was sent to Louisiana. Apparently, between 1990 and March of 1992, the petition was filed in the Georgia court. Service on defendant was accomplished in March, 1992. The Georgia court heard the matter on June 12, 1992, almost one month after the Louisiana court hearing. The Georgia court rendered its decision, however, on June 17, 1992, after the Louisiana judgment of June 13, 1992, but not after the Amended Judgment of July 15, 1992. Thus, at the time the garnishment was instituted under the Georgia judgment on September 17, 1992, there was a valid, enforceable Louisiana judgment in effect which had been rendered after the Georgia judgment.
La.C.C.P. arts. 1951 and 1971 et seq. provide the mechanism for amendment, modification or vacating of judgments in Louisiana. Under C.C.P. art. 1951, a judgment may be amended to alter the phraseology, but not the substance of a judgment or to correct errors of calculations. Otherwise, the judgment may not be modified or set aside unless the court grants a new trial for grounds set forth in C.C.P. art. 1972 and 1973, or unless grounds for nullity exist under C.C.P. art. 2001 et seq.
In this case, the trial judge set aside valid judgments of January 3, 1979 and July 15, 1992, without any of the legal bases provided for in C.C.P. art. 1951, 1972 et seq. and 2001 et seq. Because there exists no legal authority for setting aside the judgments, we find that the trial court erred in setting aside the judgments of January 3, 1979 and July 15, 1992, retroactive to the date of the Georgia judgment and in not finding that the Georgia judgment is superseded by the Louisiana judgment of July 15, 1992.
Accordingly, the judgment on the Rule to Show Cause is hereby reversed. The judgments of the Louisiana court rendered on January 3, 1979 and on July 15, 1992 are reinstated and the income assignment under La.R.S. 46:236.4 against defendant dated September 17,1992 is recalled insofar as it is based on the amount awarded plaintiff in the judgment of the Georgia court dated June 17, 1992. The case is remanded for modification of the income assignment to conform to this resolution. See: La.R.S. 46:236.4 F(3).
Costs of appeal are to be paid by appellee.

REVERSED AND REMANDED.

. Aid to Families with Dependant Children

. This procedure was not done pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), since Georgia is not a signatory to the Reciprocal Act. See: La.R.S. 13:1641 et seq.

. R.S. 46:236.4 I states that a support order filed under this statute does not nullify a support order made in this state or by a foreign court. Amounts collected by income withholding shall be credited against amounts accruing under other orders.