643 So.2d 913 (1994)
ESSEX CRANE RENTAL CORP., Plaintiff-Appellee,
v.
D & L MACHINE WORKS, Defendant-Appellant.
No. 93-1656.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*914 Dee Dodson Drell, Alexandria, for Essex Crane Rental Corp.
Malcolm Brasseaux, Church Point, for D & L Mach. Works, et al.
Before GUIDRY, C.J., and THIBODEAUX and DECUIR, JJ.
GUIDRY, Chief Judge.
Defendant, Joseph Lejeune, Jr. d/b/a D & L Machine Works (Lejeune), appeals from a trial court judgment recognizing and making executory a money judgment rendered against Lejeune by a Texas court in favor of Essex Crane Rental Corp. (Essex). We affirm.
On June 25, 1991, Essex, a New Jersey corporation with a place of business in Arcola, Brazoria County, Texas, filed suit in the district court of Brazoria County, Texas against Lejeune, a resident of Acadia Parish, Louisiana, alleging breach of contract, conversion and fraudulent misrepresentation with respect to certain machinery owned by Essex and repaired by defendant. Essex also alleged that the action arose out of business conducted by Lejeune in the State of Texas.
Lejeune was served with the complaint in accordance with the Texas "long-arm" statute. Appearing in proper person, defendant responded to plaintiff's action by filing a pleading styled a "Special Appearance" wherein he objected to the jurisdiction of the Texas court. Specifically, defendant asserted in this pleading that he was a resident of Acadia Parish, Louisiana; that he was not engaged in nor qualified to do business in the State of Texas; that he had not appointed an agent for service of process on him in the State of Texas; and, that the State of Louisiana was the proper forum to litigate the issues presented. Defendant prayed that the Texas court sustain his objection to the court's jurisdiction over him.
Plaintiff countered defendant's jurisdictional objection by filing the sworn affidavit of one of its employees in which the affiant declared that defendant had personally solicited plaintiff's business while at plaintiff's premises in Arcola, Brazoria County, Texas.[1]
Subsequently, on July 16, 1992, the Texas court signed an order setting a hearing date of August 11, 1992 to address the issues presented in the case. The record shows that on July 31, 1992 defendant was personally served with notice of the scheduled hearing. *915 Defendant thereafter submitted a letter to the Texas court, which was filed into the record of the Texas proceeding, wherein he acknowledged receipt of notice of the impending hearing but noted that he did not intend to appear at the hearing since he did not believe that the Texas court had jurisdiction over him.
A default judgment was later entered by the Brazoria County court in favor of plaintiff. The judgment reflects the Texas court's specific finding that it had subject matter jurisdiction over the dispute and personal jurisdiction over the defendant.
On December 21, 1992, plaintiff filed the present action in which it sought to have the Texas judgment recognized and made executory in accordance with La.R.S. 13:4241, et seq. Defendant opposed plaintiff's action on the basis that the Texas court had no jurisdiction over him and thus the foreign judgment was not entitled to full faith and credit.
After a hearing, the trial court concluded that the foreign judgment was entitled to full faith and credit on the basis that defendant's submission of the letter to the Texas court constituted a general appearance and, in addition, that the question of jurisdiction had been "put directly at issue [in the Texas proceeding]".
By his first assignment of error, defendant asserts that the trial court erred in finding that he made a general appearance in the Texas proceeding. We agree. The record clearly establishes that defendant's efforts in contesting the Texas proceeding were limited solely to disputing the issue of jurisdiction by utilizing the appropriate Texas procedural law to place that issue in dispute without entering a general appearance. Nonetheless, for reasons which follow, we find that the trial court was correct in determining that the Texas judgment was entitled to full faith and credit.
In Allenberg Cotton Company, Inc. v. Stacy, 384 So.2d 514 (La.App.2d Cir.1980), the Second Circuit observed that:
Our own Louisiana Supreme Court in Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 [1966], has held it is not required that the question of jurisdiction be actually litigated in the rendering state, but only that the opportunity be afforded to litigate the jurisdictional question to cut off collateral attack on that ground in Louisiana.
In the Allenberg case, a Tennessee corporation had filed suit in Tennessee against a Louisiana resident for breach of contract. The defendant was served in conformity with the Tennessee "long-arm" statute. Defendant, in proper person, filed an exception of jurisdiction with the Tennessee court asserting that he had never transacted any business in the State of Tennessee. The defendant prayed that his exception to the jurisdiction of the Tennessee court be sustained. Defendant failed to appear in the Tennessee court to present opposition to that court's jurisdiction despite being served with notice of scheduled hearings. The Tennessee court ultimately found that it did have jurisdiction over the defendant and rendered judgment in favor of plaintiff. Thereafter, plaintiff instituted suit in Louisiana seeking to have the Tennessee judgment recognized and made executory. Defendant answered plaintiff's action contending that the Tennessee judgment was not entitled to full faith and credit in Louisiana because the Tennessee court lacked jurisdiction over him. The trial court ruled in favor of defendant finding that the defendant did not have the required "minimum contacts" with Tennessee to give that State in personam jurisdiction over the defendant. On appeal, the Second Circuit reversed the trial court's ruling finding that since the defendant had raised the issue of the Tennessee court's jurisdiction by filing the exception and was afforded every opportunity by the Tennessee court to litigate that issue, the Tennessee judgment was entitled to full faith and credit.
In the instant case, like in the Allenberg case, the Louisiana defendant chose to file pleadings in the foreign court placing the question of in personam jurisdiction directly at issue but then chose to refrain from actively participating in hearings conducted by the foreign court addressing the issue of jurisdiction. We find that Lejeune, having raised the issue of the Texas court's jurisdiction, was afforded the opportunity by the Texas court to litigate that issue. Defendant *916 failed to appear for trial of that issue after proper and timely notification. Under such circumstances, defendant is not entitled to collaterally attack the Texas judgment on that ground. Therefore, the Texas judgment is entitled to full faith and credit.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed to defendant-appellant, Joseph Lejeune, Jr. d/b/a D & L Machine Works.
AFFIRMED.
NOTES
[1] It was noted in the deposition testimony of the attorney who represented Essex in the Texas proceeding that the utilization of a sworn affidavit to refute the allegations of defendant's Special Appearance was appropriate under Texas law.