714 So.2d 956 (1998)
PONDEROSA ASSOCIATES, LIMITED, Plaintiff-Appellant,
v.
Wendell VERRET and Haik and Minvielle, P.L.C., Defendants-Appellees.
No. 97-1184.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1998.
Rehearing Denied August 5, 1998.
*957 Craig A. Gentry, New Orleans, for Ponderosa Associates, Limited.
Theodore Michael Haik, Jr., New Iberia, for Wendell Verret and Haik and Minvielle, P.L.C.
Wendell Verret, pro se.
Wendell Verret, for Haik and Minvielle, P.L.C.
Before YELVERTON, THIBODEAUX, COOKS, SAUNDERS and PETERS, JJ.
PETERS, Judge.
Ponderosa Associates, Ltd. (Ponderosa), a Colorado engineering consulting firm, obtained a judgment in Colorado against Wendell Verret, a Louisiana lawyer, and his employer, the Louisiana law firm of Haik and Minvielle. Ponderosa then sought to have the judgment recognized and made executory in Louisiana. The trial court dismissed Ponderosa's Louisiana action based on its conclusion that Verret and Haik and Minvielle did not have sufficient contacts with Colorado to have been subject to personal jurisdiction in that forum. For the following reasons, we reverse.
While some facts are in dispute, those necessary to dispose of the issue before us are not. Shortly before May 28, 1993, Verret was involved in products liability litigation and in need of expert advice. He telephoned the Colorado office of Ponderosa and spoke with Herbert Newbold, an engineer employed by Ponderosa. As a result of that conversation, on May 28, 1993, Verret forwarded certain documents to Newbold for his review. Other communication thereafter took place between Verret and Newbold concerning the payment of a retainer fee and the execution of a written contract between the parties. No contract was ever signed, and no retainer was ever paid to Ponderosa. Additionally, no work product was ever received by Verret. However, Verret and his employer began to receive bills for services allegedly rendered by Ponderosa pursuant to an oral agreement between Ponderosa and Verret on behalf of Haik and Minvielle.
In 1995, Ponderosa filed suit in the County Court for the County of Boulder, Colorado, for payment of services allegedly rendered pursuant to the oral agreement. In response, Verret and Haik and Minvielle filed a motion to dismiss the suit, asserting that the Colorado court lacked personal jurisdiction over them. The Colorado court denied the motion upon finding that the contacts with Colorado were sufficient to subject them to personal jurisdiction. Verret and Haik and Minvielle did not seek review of this ruling and took no additional steps to defend the Colorado action. Thereafter, a default judgment was rendered against them in the Colorado court.
Verret and Haik and Minvielle then filed a petition in the Sixteenth Judicial District Court for the Parish of Iberia, State of Louisiana, to annul the Colorado judgment. Subsequently, Ponderosa filed its petition to make the Colorado judgment executory in Louisiana, and the cases were consolidated for trial. After a contradictory hearing, the trial court ruled in favor of Verret and Haik and Minvielle and denied Ponderosa's request to make the foreign judgment executory. Ponderosa appeals.
Louisiana is required to give full faith and credit to judgments of courts in sister states. U.S. Const. art. 4, § 1. "It is hornbook law that a Louisiana court cannot deny a foreign judgment full faith and credit within Louisiana unless the foreign forum lacked jurisdiction over the litigants or over the subject matter involved in the controversy." E & L Lumber Co. v. Ashy Enters., Inc., 594 So.2d 948, 949 (La.App. 3 Cir.1992). Further, if a defendant raises the jurisdiction issue in the foreign forum, is given the opportunity to pursue it, and fails to do so, he is precluded from collaterally attacking jurisdiction in the future. See Essex Crane Rental Corp. v. D & L Mach. Works, 93-1656 (La.App. 3 Cir. 10/5/94); 643 So.2d 913, writ denied, 94-2742 (La.1/6/95); 648 So.2d 932. Additionally, where a party enters an appearance and has the opportunity to litigate the jurisdiction question, the Full Faith and Credit Clause applies. See Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966).
*958 In this case, Verret and Haik and Minvielle raised the jurisdiction issue in Colorado, were given the opportunity to pursue it, and did pursue it. Thus, we find that our decision in Essex, 643 So.2d 913, is dispositive of the issue before us. In Essex, a Louisiana defendant was sued in Texas and filed pleadings in the Texas court that placed the question of personal jurisdiction directly at issue. He was properly notified and given the opportunity by the Texas court to litigate the jurisdiction issue but failed to appear for trial on that issue. A default judgment was then taken against him. This court concluded that under those circumstances, he was not entitled to collaterally attack the Texas judgment on jurisdictional grounds. Essex differs from the case before us only in that Verret and Haik and Minvielle herein actually litigated the personal jurisdiction exception in the Colorado court.
In Boudreaux, 249 La. 983, 192 So.2d 356, which was cited in Essex, the issue was whether the Full Faith and Credit Clause precluded courts of this state from entertaining a collateral attack on a judgment of divorce rendered in Mississippi when the validity of that judgment could not be challenged in the courts of Mississippi. In that case, the defendants sought to prevent Mrs. Boudreaux, the plaintiff and alleged widow of Mr. Boudreaux, from collecting wrongful death damages on the ground that she was not the surviving spouse of Mr. Boudreaux because she had never been legally divorced from her first husband, Mr. Mire. Mrs. Boudreaux, who had sought and obtained a divorce from Mr. Mire in Mississippi, never actually resided in Mississippi but visited there for only a few days to testify in the divorce proceedings. Mr. Mire executed a waiver of service and entry of appearance in the divorce proceedings. The supreme court found that Mr. Mire's waiver of service and entry of appearance were sufficient to foreclose the jurisdiction question as res judicata in the wrongful death proceedings. The court stated: "In other words, by his entry of appearance he had an opportunity to litigate the jurisdictional question and this is all that is necessary in order for the Full Faith and Credit Clause to apply. It was not obligatory ... for Mire to have resisted the granting of the divorce.... On the contrary the basic element which bars collateral attack here is that the rendering State will not permit such an attack and considers the matter res judicata." Id., 192 So.2d at 359 (emphasis added).
While Boudreaux is distinguishable from the instant case in that Mr. Mire entered a general appearance, thereby failing to timely object to the jurisdiction of the Mississippi court, and in the instant case Verret and Haik and Minvielle entered only a special appearance by raising the jurisdiction issue, the result in both cases was that issue was joined, rendering any subsequent collateral attack res judicata. Thus, as in Boudreaux and Essex, the opportunity to litigate the jurisdiction issue rendered the Colorado judgment on that issue res judicata and thus unassailable in that court. Because the Colorado judgment is unassailable in the courts of that state, as in Boudreaux and Essex, the courts of Louisiana must give the judgment full faith and credit.
In 1990, the Louisiana Legislature adopted new res judicata provisions. La.R.S. 13:4231 provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
....
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
(Emphasis added).
The record is clear that the jurisdiction issue raised by Verret and Haik and Minvielle was actually litigated and determined in Colorado. Its own jurisdiction having been questioned, a determination of its jurisdiction by the Colorado court was essential to the later default judgment that it rendered. The issue of jurisdiction is now res judicata. Since the default judgment cannot be assailed in Colorado on the basis of personal jurisdiction, this court must give full faith *959 and credit to that judgment. Therefore, we reverse the trial court's judgment in this regard.
Ponderosa also contends that the trial court erred in failing to discipline Verret and Haik and Minvielle for violating Rule 7.1 of the Louisiana Rules of the Sixteenth Judicial District Court. Rule 7.1 provides in part:
When a party moves to set for hearing a rule, exception, motion for summary judgment or other preliminary matter, he shall attach an adequate brief or financial declaration to that motion; otherwise, the Court will decline to sign the order setting the matter for a hearing. The other parties shall file their response memorandum at least five days prior to the hearing. With respect to trials on the merits, all parties will file pre-trial memoranda at least five days prior to the date on which the merits are fixed for trial.
....
Failure to file and distribute said memorandum or declaration shall subject said party to discipline by the Court. This discipline may take the form of an assessment of costs and/or, after having been warned on a previous occasion, the attorney for the party may be held in contempt of court.
Ponderosa argues that Verret and Haik and Minvielle filed a rule to show cause on January 2, 1997, but the brief was not filed or mailed to opposing counsel until March 3, 1997. The hearing was scheduled for March 7, 1997. Ponderosa alleges that this was a tactic used to prevent it from being adequately prepared for opposing counsel's argument at the hearing.
The record reflects that a hearing was held on December 27, 1996, addressing a number of exceptions and motions filed by both parties. On that date, the trial court substituted Verret and Haik and Minvielle's Petition to Annul Judgment with a Motion for a Contradictory Hearing. Verret and Haik and Minvielle were then ordered to motion the court within fifteen days to set a hearing date on the issue of personal jurisdiction of the Colorado court. Verret and Haik and Minvielle allege that they filed a memorandum on February 28, 1997, seven days before the hearing and, therefore, were in compliance with the local rule.
It is axiomatic that "local rules of court are intended to aid in the orderly conduct of litigation and are not to be construed so literally as to defeat their intended purpose." Love v. Baden, 478 So.2d 1008, 1010 (La.App. 3 Cir.1985). In the instant case, it is apparent that counsel for both parties received adequate notice, both parties were prepared for the hearing on the rule, and neither party was prejudiced. Furthermore, Rule 18.1 of the Louisiana Rules of the Sixteenth Judicial District Court expressly allows for a judge at any time by oral order to suspend any of the local rules in a particular case or circumstance. Therefore, we find no error in the trial court's action.

DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court insofar as it dismissed Ponderosa's petition to make the Colorado judgment executory, and we order that the Colorado judgment be made executory. We affirm the judgment in all other respects. We assess costs of this appeal to Verret and Haik and Minvielle.
REVERSED IN PART AND RENDERED; AFFIRMED IN PART.
THIBODEAUX, J., dissents in part, concurs in part, and assigns written reasons.
COOKS, J., dissents in part and concurs in part for the reasons assigned by THIBODEAUX, J.
THIBODEAUX, Judge, concurring in part and dissenting in part.
I concur in affirming the trial court's refusal to discipline the defendants, Wendell Verret and Haik and Minvielle. I dissent from the majority's determination that Louisiana must give full faith and credit and res judicata effect to the Colorado judgment.
The U.S. Supreme Court has made it clear that it is a valid exercise of judicial power by a second court to examine the jurisdiction of a foreign court that has rendered a judgment against its residents. Treinies v. Sunshine *960 Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939).
The majority places reliance on Essex Crane Rental Corp. v. D & L Mach. Works, 93-1656 (La.App. 3 Cir. 10/5/94); 643 So.2d 913, writ denied, 94-2742 (La.1/6/95); 648 So.2d 932. In Essex, we held that a Texas court judgment rendered against a Louisiana resident could not be collaterally attacked on the issue of personal jurisdiction and was entitled to full faith and credit in Louisiana, where the Louisiana resident raised the issue of the court's jurisdiction in the Texas court and had been afforded the opportunity to litigate the question. Simply put, Essex was wrongly decided and should not be followed.[1]
Essex misinterprets Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966). Essex appears to suggest that if one is afforded just the opportunity to litigate the question of jurisdiction, even if no appearance is made, the Full Faith and Credit Clause precludes a collateral attack on that judgment on jurisdictional grounds in a sister state. Essex and this case encourage a forfeiture of constitutional and statutory rights of due process in order to preserve the right to attack a judgment at a future date. That is, if a litigant does nothing to contest the jurisdictional issue in a foreign forum, he has preserved his opportunity to collaterally attack it later on, but if he does exercise his procedural right to attack jurisdiction and loses, he forfeits that opportunity to invalidate a judgment against him. In Boudreaux, our supreme court held that the Mississippi judgment could not be collaterally attacked on the jurisdictional issue in Louisiana because the judgment was immune to such attack in the courts of Mississippi. The court opined that because Mr. Mire filed a waiver of summons and an entry of appearance, he had been afforded an opportunity to litigate the jurisdictional question and that this was sufficient to foreclose the issue of jurisdiction as res judicata. Boudreaux, therefore, did not solely rely upon the existence of an "opportunity" to litigate, as was erroneously stated in Essex. Rather, the raison d'etre of Boudreaux was that because the divorce judgment was unassailable in the rendering state on the issue of personal jurisdiction as a result of a general appearance having been made, the principles of res judicata and full faith and credit applied.
The Louisiana Supreme Court addressed this issue again in Succession of Bickham, 518 So.2d 482 (La.1988). A Louisiana wife attempted to collaterally attack a divorce decree obtained in Arkansas years before. The court held that Arkansas law prohibited the wife from collaterally attacking the divorce judgment because she entered her appearance by filing an answer. Thus, because she would not be allowed to collaterally attack the judgment in the rendering state based on the jurisdictional issue, the Full Faith and Credit Clause forbade the attack of that judgment in any other state based on that issue as well.
Colorado law was not presented to the court in this case. Therefore, the question of whether the foreign judgment could be collaterally attacked on jurisdictional grounds should be decided by Louisiana law. An action of nullity can be asserted collaterally at any time in regard to a final judgment on the basis of lack of personal jurisdiction, unless the party against whom the judgment was rendered submitted to the exercise of personal jurisdiction over him by making a general appearance or waived his objection to personal jurisdiction by the failure to timely file a declinatory exception to jurisdiction. See La.Code Civ.P. arts. 6, 2001, 2002. In this case, Verret and Haik and Minvielle made a special appearance only in the Colorado state court wherein they filed a Motion to Dismiss for Lack of Jurisdiction Over the Defendants. Under Louisiana law, their actions *961 did not waive their ability to later attack the default judgment collaterally on the issue of lack of personal jurisdiction in Colorado. Thus, the Full Faith and Credit Clause did not preclude the collateral attack on the judgment in the Louisiana trial court.
For the foregoing reasons, I dissent in part.
NOTES
[1] The author of this dissent sat on the Essex panel and, on reflection, recognizes the weakness of the panel's underlying rationale.